U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP - 1 2015

TONY R. MOORE, CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| THERESA BREITHAUPT, LARRY BREITHAUPT and INSURANCE CO. OF THE STATE OF PENNSYLVANIA | CIVIL ACTION NO. 14-758 |
| VERSUS | JUDGE TRIMBLE |
| THE GEO GROUP, INC. | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [R. 13] filed by defendant GEO Group, Inc. ("GEO" or "Defendant") seeking dismissal of all claims by plaintiffs Theresa Breithaupt, Larry Breithaupt and Insurance Company of the State of Pennsylvania ("Plaintiffs"). For the reasons expressed below, the court finds that Defendant's motion must be DENIED.

I.  **Relevant Facts**

Plaintiff Theresa Breithaupt, a Licensed Practical Nurse, is employed by STG International as a medication nurse at the LaSalle Detention Center ("Detention Center"). The Detention Center is operated by GEO through a contract between GEO and the LaSalle Economic Development District ("LEDD").[1] The Detention Center is used to house detainees of U.S. Immigration, Customs and Enforcement ("ICE") who are awaiting civil or criminal proceedings regarding border patrol, immigration, trade and customs.[2]

---

[1] R. 13-1 at ¶ VI; 1-2 at ¶ 4.
[2] R. 13-3 at p. 1.

1

On March 30, 2013, a correctional officer employed by GEO selected detainees to mop, strip and wax the linoleum floor of the corridor within Owl Dormitory, one of the several dormitories in the Detention Center.[3] As was customary, the task of mopping, stripping and waxing floors was performed in one-hour shifts, the first of which began at 11:00 p.m. and the second of which began at midnight.[4] The Owl Dormitory corridor contains multiple doorways opening into various rooms, including one or more medical examination rooms. Detainees are not permitted to access these rooms and, to that end, all doors leading from the corridor are closed and locked.[5] Only the Detention Center's key control officer and employees of STG, the medical contractor, had keys to access the medical examination rooms.[6]

At approximately 11:00 a.m. on March 31, 2013, Theresa Breithaupt used her key to access the Owl Dormitory medical examination room in order to retrieve a blood pressure monitoring apparatus necessary for her duties.[7] The door to the medical examination room opens outward into the hallway and the room contains motion-activated lights, which turn on when a person enters the room.[8] Plaintiffs assert that Theresa Breithaupt used her key to unlock the medical examination room door, entered the door and, upon extending her right foot into the room, stepped on a "whitish colored...thick [substance covering] two-thirds of the room...from the door frame [, which] smelt /sic/ like wax."[9] Plaintiffs allege that Theresa Breithaupt fell with her right leg extended in front of her, landing on her "right side,

---

[3] R. 16-1 (Plaintiffs' response to GEO's Statement of Uncontested Facts) at p. 2.
[4] Id.
[5] Id. at pp. 2-3.
[6] Id.
[7] Deposition of Theresa Breithaupt [R. 16-4] at 58:15-19.
[8] Id. at 58:16-23.
[9] Id. at 58 – 61.

buttocks/hips."[10] Plaintiffs further describe that her arms were extended so that she caught herself before hitting her head.[11] Theresa Breithaupt was transported from the room in a wheelchair by coworkers who came to her aid and was subsequently transferred by ambulance to an area hospital for evaluation and treatment.[12]

Plaintiffs filed the instant suit in the Twenty-eighth Judicial District Court for the Parish of LaSalle, State of Louisiana, on March 25, 2014.[13] Defendant GEO, a Florida corporation, timely removed the suit to this court based on diversity jurisdiction.[14] Plaintiffs assert various claims against GEO sounding in negligence under applicable Louisiana law.[15] Plaintiffs seek damages for various injuries, both direct and derivative.[16] Plaintiff, the Insurance Company of the State of Pennsylvania ("ICSP") asserts claims for recovery of any amounts paid or to be paid in the future as GEO's workers' compensation insurer.[17]

GEO filed the instant motion seeking dismissal of all claims against it pursuant to Fed. R. Civ. P. 56. The court finds that all necessary briefs have been filed and the matter is ripe for adjudication.

## II. Applicable Standard

Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted when the movant shows the absence of any genuine dispute as to any material fact and, for that reason, shows that he is entitled to judgment as a matter of law. The movant must demonstrate the absence

---

[10] Id. at 60:17 – 62:6.
[11] Id. at 62:1-3.
[12] Id. at 69:1 – 70:4.
[13] R. 1-2, generally.
[14] 28 U.S.C. §§ 1332, 1441: R. 1.
[15] R. 1-2 at ¶¶ 8-9.
[16] Id. at ¶ 10.
[17] Id. at ¶ 14.

of any genuine dispute as to any material fact by citing to particular parts of materials in the record, including depositions, documents and affidavits.[18] The movant may demonstrate entitlement to judgment as a matter of law by pointing out the nonmoving party's inability to produce evidence which, when taken as true for the purposes of the motion, would provide a legally sufficient basis upon which a reasonable jury might base a judgment in the nonmoving party's favor.[19]

Once a motion for summary judgment is made and properly supported, the burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claims.[20] In so doing, the nonmoving party establishes the existence of a genuine issue of material fact for trial. The nonmoving party must show that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor.[21] A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof.[22]

If the nonmoving party meets his burden of proof, summary judgment is inappropriate and the claims must be preserved for further proceedings. If, on the other hand, the nonmoving party does not meet his burden, the court must grant summary judgment in recognition of the implausibility of the claims at issue.[23]

---

[18] Fed. R. Civ. P. 56(c)(1)(A).
[19] Celotex Corp v. Catrett, 477 U.S. 317, 2553 – 54 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995); Shotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992), cert. denied 506 U.S. 832 (1992).
[20] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).
[21] Celotex, 477 U.S. at 325.
[22] Id.
[23] Id. at 322.

All evidence submitted to the court in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[24] "Metaphysical doubt" as to the existence of a genuine issue for trial is insufficient, as are "unsubstantiated assertions" and "conclusory allegations[.]"[25]  The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[26]

### III.  Analysis

The parties disagree as to what law which should govern the court's analysis.  GEO asserts that Plaintiffs' claims are governed by La. R.S. 2800.6, which makes public entities liable under La. Civ. C. Art. 2317 for damages caused by the condition of premises within the entity's care and custody.  Citing Franks v. St. Charles Parish Jail,[27] GEO urges the court to apply Section 2800.6's standard:

> (C)   Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive knowledge of the particular vice or defect which caused the damage prior to the occurrence, and the public entity

---

[24] Fed. R. Civ. P. 56(c)(2); Salas v. Carptener, 980 F.2d 299, 305 (5th Cir. 1992) quoting Broadway v. City of Montgomery, 530 F.2d 657, 661 (5th Cir. 1976).
[25] Little, 37 F.3d at 1075, citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), Lujan v. National Wildlife Federation, 497 U.S. 871, 871-73 (1986); Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994).
[26] Lujan, 497 U.S. at 888.
[27] 945 So.2d 92 (La. App. 5 Cir. 2006).

5

has had a reasonable opportunity to remedy the defect and has failed to do so.[28]

Plaintiffs, on the other hand, deny that La. Civ. C. Arts. 2317, 2317.1 or La. R.S. 2800.6 apply to this case. Instead, Plaintiffs advocate the application of non-merchant negligence analysis employed by the Louisiana Third Circuit Court of Appeals in Harkins v. Natchitoches Parish Hospital, 696 So.2d 19 (La. App. 3 Cir. 1997). In Harkins, the appellate court found that Natchitoches Parish Hospital was not covered by La. R.S. 9:2800.6, analyzing Harkins' claims according, essentially, to a burden-shifting analysis employed in similar hospital liability cases.[29]

GEO asserts that, as LEDD's contractor, it is entitled to the application of La. R.S. 9:2800.6 in its favor, but cites no law or jurisprudence to support such an inference.

The court finds that, given the decisive nature of the issue of whether or not GEO group is to be afforded the relative protections of La. R.S. 9:2800.6, GEO has failed to demonstrate that summary judgment should be granted in this matter at this time. While it is clear to the court that GEO is not a "merchant" for liability purposes, this does not resolve the issue of GEO's public entity status. GEO has not, accordingly, demonstrated that no genuine issues of material fact remain, entitling it to judgment as a matter of law.

Addressing briefly the arguments regarding spoliation of evidence, the court finds that GEO fails to address the issue of the missing video footage, clearly relied on by defense witness Kenneth Gurganus in his affidavit,[30] and therefore, we also leave open this issue for further proceedings. In the event that successive motions rely upon Gurganus' affidavit, the court will

---

[28] Franks, 945 So.2d at 94.
[29] Harkins, 696 So.2d at 20; See, also Neyrey v. Touro Infirmary, 639 So.2d 1214 (La. App. 4 Cir. 1994).
[30] R. 13-4 at ¶ VI, VII.

6

expect briefs on this issue to resolve the admissibility of any evidence which Plaintiffs assert should be inadmissible based on spoliation.

## IV. Conclusion

For the foregoing reasons, the court finds that GEO's instant motion will be **DENIED**. All claims by Plaintiffs will be, therefore, preserved for further proceedings consistent with this ruling.

Alexandria, Louisiana
September ___/___, 2015

                                            JAMES T. TRIMBLE, JR.
                                          UNITED STATES DISTRICT JUDGE